OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 26, 2014
Date Decided: September 26, 2014

Seth D. Rigrodsky, Esquire
Brian D. Long, Esquire
Gina M. Serra, Esquire
Jeremy J. Riley, Esquire
Rigrodsky & Long, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803

Donald J. Wolfe, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19899-0951

Kurt M. Heyman, Esquire
Patricia L. Enerio, Esquire
Dawn Kurtz Crompton, Esquire
Proctor Heyman LLP
300 Delaware Ave., Suite 200
Wilmington, Delaware 19801

Re:  *In re Cornerstone Therapeutics Inc. Stockholder Litigation*,
Consolidated Civil Action No. 8922-VCG

Dear Counsel:

In a recent Memorandum Opinion[1] I denied Motions to Dismiss brought by

Defendants Christopher Codeanne, Michael Enright, James A. Harper, Michael

Heffernan, Laura Shawver, Craig Collard, and Robert Stephan (collectively, the

"Director Defendants"), finding that, since entire fairness applied to the transaction

---

[1] *In re Cornerstone Therapeutics Inc. S'holder Litig.*, 2014 WL 4418169 (Del. Ch. Sept. 10, 2014).

at issue in this litigation *ab initio*, under the holding of *Emerald Partners II*[2] the Director Defendants must await a determination of entire fairness at trial before this Court may consider whether they are exculpated from liability by a Section 102(b)(7) provision.[3] On September 23, 2014, the Director Defendants moved for an interlocutory appeal of that decision under Delaware Supreme Court Rule 42. I heard Plaintiffs' oral response to the application on September 26, 2014.

A Rule 42 interlocutory appeal may be certified by this Court only when the appealed decision (1) "determines a substantial issue," (2) "establishes a legal right," and (3) meets one or more criteria further enumerated in the Rule, including that the decision falls under any of the criteria for certification of questions of law set forth in Rule 41.[4] Here, all three requirements of Rule 42 are met. In opposing the application for interlocutory appeal, Plaintiffs argue that my decision in the Memorandum Opinion to decline to consider the Director Defendants' exculpation from liability at the motion-to-dismiss stage does not raise a substantial issue, as it merely concerns the timing of when the exculpation provision will be considered. However, my determination, if reversed, could lead to the dismissal of the Director Defendants from this litigation, and thus constitutes a substantial issue in the course of this litigation. Further, my ruling in the Memorandum Opinion

---

[2] *Emerald Partners v. Berlin* (*Emerald Partners II*), 787 A.2d 85 (Del. 2001).
[3] *In re Cornerstone Therapeutics*, 2014 WL 4418169, at *12.
[4] Supr. Ct. R. 42(b).

establishes a legal right in that it necessitates the Director Defendants be held as parties to the litigation, unable to assert their Section 102(b)(7) defense, at least until a determination of entire fairness at trial. Finally, my ruling satisfies the criteria enumerated in Rule 42(b)(i) by meeting the "[c]onflicting decisions" qualification for certification of questions of law set forth in Rule 41(b)(ii);[5] the Director Defendants accurately point out that decisions of this Court are conflicting on the determinative question of law: when dealing with a transaction subject to entire fairness review *ab initio*, whether breach of duty on the part of facially disinterested directors "who negotiated with the controller or otherwise facilitated the transaction needs to be specifically pled; and whether an exculpation provision adopted pursuant to Section 102(b)(7) must be ignored at the motion-to-dismiss stage, to await consideration after the transaction has been reviewed for entire fairness at trial."[6] The legal test aside, Plaintiffs argue that interlocutory appeal is

---

[5] Supr. Ct. R. 41(b)(ii).

[6] *In re Cornerstone Therapeutics*, 2014 WL 4418169, at *5. *Compare DiRienzo v. Lichtenstein*, 2013 WL 5503034, at *10–11 (Del. Ch. Sept. 30, 2013) ("To burden the Special Committee with proving entire fairness, [plaintiff] must allege sufficiently that the committee members breached a non-exculpated fiduciary duty. This inquiry necessarily requires consideration of the Company's 102(b)(7) provision."), *and In re S. Peru Copper Corp. S'holder Derivative Litig.*, 52 A.3d 761, 787 n.72 (Del Ch. 2011) (dismissing disinterested directors on summary judgment based on a Section 102(b)(7) provision because "[t]he entire fairness standard ill suits the inquiry whether disinterested directors who approve a self-dealing transaction and are protected by an exculpatory charter provision authorized by 8 *Del. C.* § 102(b)(7) can be held liable for breach of fiduciary duties. Unless there are facts suggesting that the directors consciously approved an unfair transaction, the bad faith preference for some other interest than that of the company and the stockholders that is critical to disloyalty is absent. The fact that the transaction is found to be unfair is of course relevant, but hardly sufficient, to that separate, individualized inquiry."), *with In re Orchard Enterprises, Inc. S'holder Litig.*, 88 A.3d 1, 38 (Del. Ch. 2014) ("[W]hen a case

3

nonetheless not warranted here because resolution of the appeal, even in the Director Defendants' favor, would not terminate this litigation, but would have the effect of interrupting the parties' progress toward trial. I do not find this argument persuasive, however; I have not entered a stay in the proceedings and thus the parties may proceed to trial concurrent with the Supreme Court's consideration of this appeal, should the Court elect to entertain it.

For the foregoing reasons, the Director Defendants' Application for Certification of Interlocutory Appeal is granted. An appropriate Order accompanies this Opinion.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

involves a controlling stockholder with entire fairness as the standard of review, and when there is evidence of procedural and substantive unfairness, a court cannot summarily apply Section 102(b)(7) on a motion for summary judgment to dismiss facially independent and disinterested directors. Under those circumstances, it is not possible to hold as a matter of law that the 'factual basis for [the] claim *solely* implicates a violation of the duty of care.' Rather, 'the inherently interested nature of [the transaction becomes] inextricably intertwined with issues of loyalty.' The court must conduct a trial, determine whether the transaction was entirely fair, and if not, 'identify the breach or breaches of fiduciary duty upon which liability for damages will be predicated in the *ratio decidendi* of its determination that entire fairness has not been established.' Only then can the court conduct the director-by-director analysis necessary to determine who is exculpated from liability." (citations omitted)).

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE CORNERSTONE  )  CONSOLIDATED
THERAPEUTICS INC.  )  Civil Action No. 8922-VCG
STOCKHOLDER LITIGATION  )

## ORDER GRANTING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

This 26th day of September, 2014, the Defendants having made application pursuant to Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated September 10, 2014; and the Court having found that such order determines substantial issues and establishes legal rights and that the following criteria of Supreme Court Rule 42(b) apply: 42(b)(i);

IT IS SO ORDERED that the Court's order of September 10, 2014, is hereby certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.


Dated: September 26, 2014              /s/ Sam Glasscock III
                                       Vice Chancellor